CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RETHA L. DAILEY, )
   Plaintiff, )
) Civil Action No. 7:06cv00613
v. )
)
MICHAEL J. ASTRUE, ) By: Hon. Michael F. Urbanski
COMMISSIONER OF SOCIAL SECURITY ) United States Magistrate Judge
   Defendant. )

## MEMORANDUM OPINION

Plaintiff Retha L. Dailey ("Dailey") brought this action for review of the Commissioner of Social Security's decision denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. The parties have consented to the undersigned's jurisdiction, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision. Applying the substantial evidence standard, there is a substantial conflict between the residual functional capacity ("RFC")[1] determined by the Administrative Law Judge ("ALJ") and the jobs which the Vocational Expert ("VE") testified that Dailey could perform. In particular, while the ALJ found that Dailey could only stand and/or walk up to two hours in an eight hour day, all of the jobs identified by the VE were at the light physical exertion level, which generally require a good deal of walking or standing. See 20 C.F.R. § 416.967(b). Because this discrepancy is unresolved in the administrative record, this case must be remanded to the Commissioner for an appropriate vocational assessment.

---

[1] Under the regulations, residual functional capacity is defined as "the most you can still do despite your limitations." 20 C.F.R.§ 416.945(a).

# I.

Dailey was born on January 20, 1973, and as such is a younger person under the Social Security regulations. (Administrative Record [hereinafter R.] at 19,55) Dailey completed high school and attended some college. (R. 243) Dailey's past relevant work was as a team worker in a pizza restaurant between August, 1991 and February, 1993. (R. 59) Dailey worked for a short period of time in 1993 as an aide in a child care center, (R. 59), but this work was too abbreviated to qualify as past relevant work. Dailey also volunteers three hours a week at the Free Clinic. (R. 245)

In her SSI benefits application, Dailey claims disability from December 19, 2004 due to sleep apnea, back pain, diabetes and depression. (R. 19, 54-57) Dailey also suffers from obesity. (R. 177-78) Dailey's claim was denied at both the initial and reconsideration levels of administrative review. (R. 26-27) A hearing was held before an ALJ on January 9, 2006, at which Dailey and a VE testified. (R. 237-69) On February 13, 2006, the ALJ issued a decision denying Dailey's claim for benefits, finding that although she suffers from severe impairments, she retains the RFC to perform her past relevant work as team worker in a pizza restaurant. (R. 23) The VE testified at the hearing that Daily could perform a significant number of other unskilled jobs in the national or regional economy, including counter attendant or food prep worker, (R. 264), and the ALJ noted in his decision that these jobs were consistent with the RFC determined for Dailey. (R. 23) Therefore, the ALJ decided that Dailey was not disabled. (R. 24)

The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on August 28, 2006, when the Appeals Council denied Dailey's request for review. (R. 7-9) Dailey then filed this action challenging the Commissioner's decision.

## II.

Judicial review of a final decision regarding disability benefits under the Act is limited to determining whether the ALJ's findings "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). Accordingly, the reviewing court may not substitute its judgment for that of the ALJ, but instead must defer to the ALJ's determinations if they are supported by substantial evidence. Id. Substantial evidence is such relevant evidence which, when considering the record as a whole, might be deemed adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays, 907 F.2d at 1456; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

## III.

Dailey contends that the ALJ's determination that she could return to her past relevant work in a pizza restaurant, or other light, unskilled jobs[2] identified by the VE such as counter attendant and food prep worker, conflicts with the ALJ's RFC finding that Dailey was limited to standing and/or walking two hours in an eight hour day. Specifically, Dailey argues that these jobs require far more standing and/or walking than the ALJ found she had the RFC to do. As a result, Dailey argues that there is no evidence, much less substantial evidence, to support the

---

[2]The regulations define light work as follows. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

3

ALJ's decision that she could return to work in the pizzeria or in the other light, unskilled jobs identified by the VE.

Following a review of Dailey's claimed impairments and her medical history, the ALJ found her sleep apnea, obesity, diabetes mellitus and depression to be severe, but that she retained the RFC to lift up to twenty-five pounds occasionally and ten pounds frequently; sit up to six hours in an eight hour day; and stand and/or walk up to two hours in an eight hour day. (R. 24) In doing so, the ALJ expressly accepted the opinion of the consultative examining physician, Dr. Humphries, as to Dailey's limitations. (R. 22-23, 179)

As regards her past relevant work[3] as team member in a Little Caesar's pizza restaurant, the only evidence in the record as to the physical exertion requirements of this job are Dailey's written statements and testimony. In her Work History Report, Dailey stated that she either walked or stood the entire work day, (R. 60), and she testified at the administrative hearing that the job "was standing. Always standing." (R. 248) Because the only evidence was that this job required Dailey to be on her feet the entire time, the VE and ALJ's conclusion that she could return to that work flatly contravenes the ALJ's finding that Dailey only had the RFC to stand two hours out of an eight hour day. Review of the administrative hearing reflects that while the lifting requirements of Dailey's former job was touched on at the administrative hearing, (R. 264), the standing/walking issue was not raised by the VE, nor was the VE questioned about this aspect of the physical exertion requirement for light, unskilled work. (R. 260-68) There is

---

[3]In evaluating disability applications, the Commissioner uses a five-step evaluation process which he follows in a set order. 20 C.F.R. § 416.920. At step one, the Commissioner considers whether the claimant is engaged in any substantial gainful work activity, step two assesses the severity of the claimed impairments, and step three involves whether such impairments meet a listing. The Commissioner found that Dailey met each of these steps, as to which there is no dispute, and the evaluation moved to step four, consideration of whether Dailey's RFC allowed her to return to her past relevant work.

4

nothing in the record, either at the administrative hearing or in the ALJ's decision, to reconcile the disconnect between the standing/walking limitation in the RFC and the more substantial physical exertion requirements of Dailey's former Little Caesar's job. Because of this unexplained conflict, this aspect of the ALJ's decision cannot be found to be supported by substantial evidence.

The same is true of the other jobs in the national and regional economy which the VE identified at the administrative hearing.[4] In response to the hypothetical question posed by the ALJ, the VE identified two other light, unskilled job titles in sufficient numbers in the national or regional economy which Dailey could perform. The VE's identification of the counter attendant and food prep worker jobs suffers from the same infirmity as the analysis of past relevant work. As these jobs also are light work,[5] they generally require far more standing and walking than the ALJ determined Dailey could perform. Again, there was no explanation or other testimony by the VE to attempt to reconcile this contradiction.[6] Under these

---

[4]At the next step of the sequential evaluation process, step five, the Commissioner considers its assessment of Dailey's RFC along with her age, education, and work experience to see if she can make adjustment to other work that exists in sufficient numbers in the national economy (either in the region where she lives or in several regions in the country. 20 C.F.R. 416.920(a)(4)(V); 416.960(c).

[5]The VE did not identify specific job title numbers from the Dictionary of Occupational Titles ("DOT") for these jobs. Nonetheless, the VE identified each of these categories as light work. (R. 264) Further, examination of the descriptions of several DOT job titles of this sort (such as Counter Attendant, Cafeteria 311.677-014; Service-Establishment Attendant 369.477-014; Counter Attendant, Lunchroom or Coffee Shop 311.477-014; Food Assembler, Kitchen 319.484-010; Cook 313.361-014) reveals that these occupations are at least at the light level of physical exertion.

[6]There are certain categories of light work that do not require standing or walking all of the time, i.e., those that involve "sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Neither Dailey's past relevant work nor any of the jobs identified by the VE fall in this category. While it does not appear that Dailey has impairments that would preclude such work, such an assessment is not for a reviewing court to make in the first instance. English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993) (finding that while jobs may exist in the national or regional economy that the claimant could perform, such a determination should be made by the ALJ in the first instance). Rather, such analysis should be part of the vocational assessment to be done on remand.

circumstances, the ALJ may not rely on the VE's testimony. Metcalf v. Callahan, 976 F. Supp. 825, 828-29 (S.D. Iowa 1977); Gravel v. Barnhart, 360 F.Supp. 2d 442, 450-51 (N.D.N.Y. 2005). In each of these cases, as here, the VE indicated that the claimant could perform certain light jobs, without attempting to reconcile the six hour standing and walking requirement of light work with claimant's ability to only stand or walk two hours a day. A VE can reconcile such a conflict by acknowledging a claimant's limitations, testifying as to the existence of jobs which meet those limitations, and explaining how those specific jobs vary from the DOT's descriptions of them. Metcalf, 976 F. Supp. at 828-29. The ALJ solicited no such testimony in those cases or in this case, which rendered the VE's testimony unreliable. The ALJ's decision cannot be supported by substantial evidence when based on unreliable testimony. See also Allen v. Sullivan, 977 F.2d 385, 389-90 (7th Cir. 1992) (Where the ALJ found claimant could not stand for an extended period but could perform the full range of light work, "[w]e find if difficult to reconcile this apparent conflict between the ALJ's finding and his ultimate conclusion, and thus we conclude that the administrative decision is not supported by substantial evidence.").

The Commissioner argues that Dailey's reliance on Social Security Ruling 83-10 is flawed because that ruling states only that the full range of light work requires standing and walking for a total of approximately six hours out of an eight hour work day, and that the ALJ did not find that Dailey could perform the full range of light work. While that is certainly true, it begs the question as to just what work Dailey can perform and the Commissioner's ultimate obligation to provide such evidence. Nothing in the VE's testimony attempts to reconcile the contradiction in the evidence between the general rule that light work involves a good deal of walking and standing and the ALJ's RFC limiting Dailey to only two hours a day of such

6

exertional activities. There was no testimony as to the specific requirements of the jobs mentioned by the VE and whether a person with Dailey's impairments could perform them. As such, the ALJ's conclusion at both step four and five lack substantial evidence.

Because of the unresolved conflict between the RFC set by the ALJ and the regulatory requirements for the light exertional jobs identified by the VE, the ALJ's conclusion that Dailey could return to her past relevant work and could perform other light, unskilled jobs in sufficient numbers in the national economy is not supported by substantial evidence. Therefore, this case must be remanded for consideration of vocational evidence consistent with the RFC determined by the ALJ.

In doing so, the court is mindful of the fact that 20 C.F.R. § 416.967(b) provides that "[i]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or inability to sit for long periods of time." There does not appear to be any evidence in the record to suggest that Dailey lacks fine dexterity or the inability to sit for long periods of time. The assessment of Dr. Humphries, the state agency physician who performed a consultative examination of Dailey on May 16, 2005 does not suggest such additional impairments. (R. 176-79) Nor does the RFC established by the ALJ suggest such impairments. As such, it may well be on remand that the Commissioner determines that there are sufficient numbers of sedentary jobs in the national or regional economy that Dailey can perform. At the fifth step of the sequential evaluation process, however, the Commissioner bears the burden of establishing that there are a sufficient number of jobs available in the national economy which a person with Dailey's impairments can do, given her RFC and vocational factors. 20 C.F.R.§ 416.960(c)(2). On this record, the Commissioner

has not met his burden and the case is remanded for an appropriate vocational assessment at step five.

## IV.

The court finds that Dailey's other arguments have no merit. The ALJ appropriately considered and accounted for Dailey's need for breaks during the work day, her nonexertional limitations and obesity. The ALJ addressed each of these matters and the decision is supported by substantial evidence.

Regardless, the ALJ's failure to reconcile his RFC with the requirements of light work compels a finding that his decision is not supported by substantial evidence, that defendant's motion for summary judgment be denied, and that this case be remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further development of the record, including a complete vocational assessment. 42 U.S.C. § 405(g) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing.").

## V.

For these reasons, the court finds the Commissioner's disability decision is not supported by substantial evidence. Accordingly, plaintiff's motion for summary judgment is **GRANTED** and defendant's motion for summary judgment is **DENIED**. The case is remanded with instructions to perform an appropriate vocational assessment at step five.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

8

**ENTER:** This 25th day of September, 2007.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge